# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**SHAWN D. BURNS,**
**Claimant Below, Petitioner**

**FILED**
November 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0266** (BOR Appeal No. 2046252)
                   (Claim No. 2011010175)

**CHEDDAR'S OPERATIONS, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Shawn D. Burns, by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cheddar's Operations, LLC, by Lynn C. Photiadis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 21, 2012, in which the Board affirmed an August 12, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 18, 2010, Order denying Mr. Burns's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision was clearly the result of an erroneous conclusion of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On September 18, 2010, Mr. Burns was employed as a dishwasher by Cheddar's Operations, LLC, when he sustained injuries after he tripped and fell over either a drain or dishes in the floor. The claims administrator rejected Mr. Burns's claim on the grounds that the evidence did not support that an injury had occurred in the course of and as a result of his employment. The Office of Judges concluded that there was insufficient evidence to prove that Mr. Burns sustained a compensable injury on September 18, 2010. Mr. Burns disagrees and asserts that his emergency room records show by a preponderance of the evidence that he was diagnosed with conditions of the right hip, right ankle, lumbar spine, thoracic spine, and cervical spine.

1

The evidence of record shows that on September 18, 2010, Jon Ketron, Mr. Burns's manager, prepared a statement, in which he stated that he heard a crash in the dish room and then found Mr. Burns lying on the floor with a couple of pans laying on his ankle. Another manager, Amber Vaughn, provided the same information in an accident report; she heard a crash and then found Mr. Burns lying on the floor with dishes on him. Mr. Burns sought medical treatment at Trinity Medical Center on September 19, 2010, and the records indicated an impression of right hip sprain, right ankle sprain, lumbar sprain, thoracic sprain, and cervical sprain. Mr. Burns's ankle was put in an air cast. On March 25, 2011, Dr. Hennessey conducted an independent medical exam on Mr. Burns and opined that Mr. Burns had made a full recovery from his soft tissue injuries, but that a cervical MRI would be reasonable. On January 26, 2011, Dr. MacPherson testified at deposition that Mr. Burns's x-rays from September 19, 2010, showed degenerative spondylitic changes throughout the cervical spine, degenerative changes in the right hip, mild degenerative spondylitic changes of the dorsal spine, and no evidence of any acute injuries. The Office of Judges relied on Dr. MacPherson's testimony that Mr. Burns was able to attend two fifty minute classes per day and that he failed to produce any direct evidence indicating that he had sustained an injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

For Mr. Burns's claim to be held compensable under West Virginia Code § 23-4-1(a), he must show (1) a personal injury; (2) received in the course of his employment; and (3) resulting from the employment. Mr. Burns was employed as a dishwasher in a restaurant and was found lying in the kitchen floor with pans on him after a loud crash was heard by his managers. Mr. Burns sought medical treatment at Trinity Medical Center the following day and was diagnosed with right hip sprain, right ankle sprain, lumbar sprain, thoracic sprain, and cervical sprain and his ankle was placed in an air cast. Dr. Hennessey in an independent medical exam opined that Mr. Burns had made a full recovery from his soft tissue injuries but that a cervical MRI would be reasonable. This evidence is sufficient to conclude that Mr. Burns was injured while performing his duties in the course of his employment.

For the foregoing reasons, we find that the decision of the Board of Review was clearly the result of an erroneous conclusion of law. Therefore, the decision of the Board of Review is reversed and remanded with a finding of compensability.

Reverse and Remand.

2

**ISSUED:** **November 20, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum